**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JOHN EVERETT, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 14-1694 (RC) |
| | : | | |
| v. | : | | |
| | : | | |
| UNITED STATES DEPARTMENT | : | | |
| OF JUSTICE, *et al.* | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

**DISMISSING COMPLAINT AS TO DEFENDANTS CAROL W. ANDERSON, KIM WESTBROOK STRACH, UNITED STATES DEPARTMENT OF JUSTICE, ERIC H. HOLDER, JR., NORTH CAROLINA STATE BOARD OF ELECTIONS, AND THE STATE OF NORTH CAROLINA AND DIRECTING THE CLERK OF THE COURT TO CLOSE THIS CASE**

Plaintiff John Everett filed this civil action on October 9, 2014. *See* ECF No. 1. On October 10, 2014, the Clerk of the Court issued summonses. On June 30, 2015, the Court ordered Plaintiff to show cause on or before July 30, 2015 why this case should not be dismissed without prejudice as to Defendants Carol W. Anderson, Kim Westbrook Strach, the United States Department of Justice ("DOJ"), Eric H. Holder, Jr., the North Carolina State Board of Elections, and the State of North Carolina, the only remaining Defendants in this action. *See* Order to Show Cause, ECF No. 48. Plaintiff has not filed any response to the Court's Order or requested an extension of time to respond. For the reasons discussed below, the Court will dismiss the Complaint as to these Defendants without prejudice and direct the Clerk to close this case.

The Court will dismiss the Complaint without prejudice as to Defendants Anderson, Strach, DOJ, and Holder pursuant to Rule 4 of the Federal Rules of Civil Procedure for failure to

effect service and Local Civil Rule 83.23 for failure to prosecute. As the Court explained in its Order to Show Cause, plaintiffs not proceeding *in forma pauperis* are responsible for effecting service of process. *See* Fed. R. Civ. P. 4(c). It does not appear from the record that Plaintiff has properly effected service on these Defendants. Additionally, with respect to Defendants DOJ and Holder, it does not appear that that Plaintiff has served the U.S. Attorney for the District of Columbia in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m) ("To serve the United States, a party must . . . deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . ."). "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). The 120-day period has long since passed, and dismissal is appropriate.

The Court will dismiss the Complaint without prejudice as to Defendants the North Carolina State Board of Elections and the State of North Carolina (the "North Carolina Defendants") for failure to establish personal jurisdiction. Plaintiff has made not many any showing that this Court has personal jurisdiction over the North Carolina Defendants. *See Am. Action Network, Inc. v. Cater Am., LLC*, 983 F. Supp. 2d 112, 118 (D.D.C. 2013) (explaining that plaintiffs bear the burden of showing that the court has personal jurisdiction over defendants); *see also* Fed. R. Civ. P. 4(k). Accordingly, dismissal is appropriate as to the North Carolina Defendants.

Dismissal is also appropriate as to all of the remaining Defendants due to Plaintiff's failure to show cause in accordance with the Court's Order. In its June 30, 2015 Order to Show Cause, the Court informed Plaintiff of the foregoing grounds for dismissing this case. *See* Order

to Show Cause. The Court ordered Plaintiff to show cause why the case should not be dismissed on these grounds on or before July 30, 2015. That deadline has long since passed, and Plaintiff has neither filed any response to the Court's Order nor requested an extension of time to file a response. Plaintiff's failure to respond to the Order to Show Cause further demonstrates his failure to prosecute this case and is an independent ground for dismissal. *See* LCvR 83.23.

For the foregoing reasons, the Court will dismiss the Complaint without prejudice as to Defendants Anderson, Strach, DOJ, Holder, and the North Carolina Defendants. The Court previously dismissed the Complaint as to all of the other named Defendants. *See* Order, ECF No. 40 (dismissing the Complaint as to Defendants the Durham County Board of Elections, the County of Durham, and Michael D. Page); Order, ECF No. 42 (dismissing the Complaint as to Defendant Hartford Insurance Company); Order, ECF No. 44 (dismissing the Complaint as to Defendant Fidelity & Deposit Company of Maryland); Order, ECF No. 46 (dismissing the Complaint as to Defendants the City of Durham and Mayor William Bell). Therefore, the Court will also direct the Clerk of the Court to close this case. An order consistent with this memorandum opinion is separately and contemporaneously issued.

Dated: August 21, 2015                                   RUDOLPH CONTRERAS
                                                         United States District Judge